UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CHRISTOPHER HOLLY,**

    Plaintiff,

v.                                               Case No: 5:18-cv-515-Oc-30PRL

**HARDEE'S FOOD SYSTEMS, INC.**

    Defendant.

## REPORT AND RECOMMENDATION[1]

Plaintiff, who is proceeding *pro se*, has filed a complaint alleging that Hardee's Food Systems, Inc. used misleading advertising regarding its "Frisco Breakfast Sandwich" in violation of federal regulations and Florida law. (Doc. 4). Specifically, Plaintiff claims that the actual Sandwich contained much less ham than was displayed in advertisements. Plaintiff seeks to proceed *in forma pauperis*. For the following reasons, the motion should be denied and the complaint dismissed.

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte. Id.*

Jurisdiction is a threshold issue in any case pending in United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir.1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994)). "[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir.2001). This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking. *University of S. Ala. v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir.1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir.2000).

Federal jurisdiction is based on either diversity of citizenship jurisdiction or federal question jurisdiction. Diversity of citizenship jurisdiction requires that the action be "between ... citizens of different States...." and the matter in controversy must exceed the sum or value of $75,000.00. 28 U.S.C. § 1332(a)(1). Here, while Plaintiff alleges that the parties are citizens of different states, he fails to allege any facts supporting the requisite amount in controversy. Indeed, Plaintiff alleges that he suffered a pecuniary loss by paying more for a product than he otherwise would have, or by a purchasing a product that he would not have absent the advertising. (Doc. 1

at ¶ 19). Such alleged damages cannot possibly reach $75,000.00, and thus, diversity of citizenship jurisdiction does not exist.

Next, federal question jurisdiction exists if there has been a violation of Plaintiff's rights arising under the Constitution or federal law except "where such a claim is wholly insubstantial and frivolous." *Southpark Square Ltd. v. City of Jackson, Miss.,* 565 F.2d 338, 341 (5th Cir.) *cert. denied,* 436 U.S. 946 (1978). Here, the only possible basis for federal question jurisdiction is found in Count One, in which Plaintiff alleges that Defendant violated the Federal Trade Commission's "Truth in Advertising" Act and the Lanham Act. However, neither of these Acts provide a cause of action for a private consumer, such as Plaintiff. While the Lanham Act does create a cause of action for unfair competition through misleading advertising or labeling, the cause of action is for "competitors, not consumers." *POM Wonderful LLC v. Coca-Cola Co.,* 134 S. Ct. 2228, 2234 (2014). Likewise, under the Federal Trade Commission Act, "consumers and members of the public –the beneficiaries of the statute—are not provided a private right of action." *R.T. Vanderbilt Co. v. Occupational Safety and Health Review Com'n,,* 708 F.2d 570, 575 & n. 5 (11th Cir. 1983). Because Plaintiff cannot proceed under the Lanham Act or FTC Act as a private consumer, and all other claims arise under state law, federal question jurisdiction does not exist.

Accordingly, I recommend that Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be denied and the Complaint (Doc. 1) be dismissed without prejudice for lack of subject matter jurisdiction.

Recommended in Ocala, Florida on October 12, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy